# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 11, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**THOMAS ROTRUCK,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0168** (BOR Appeal No. 2050099)
(Claim No. 2013033017)

**WEST VIRGINIA UNIVERSITY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas Rotruck, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia University, by Maureen Kowalski, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 2, 2015, in which the Board affirmed a December 19, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges denied Mr. Rotruck's motion for late filing of protest to the claims administrator's May 21, 2014, decision, which denied Mr. Rotruck's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Rotruck worked for West Virginia University as a maintenance worker. On May 29, 2013, Mr. Rotruck alleges that he injured his left shoulder when he slipped on the floor. Mr. Rotruck filed an application for workers' compensation benefits. On May 21, 2014, the claims administrator denied Mr. Rotruck's application and determined that he did not sustain an injury in the course of and resulting from his employment. Mr. Rotruck filed a late protest to the claims administrator's decision on October 27, 2014. Mr. Rotruck's protest stated that his protest was

1

late because the attorney's office sent him an agreement to represent on June 30, 2014, and he discovered the agreement to represent on October 21, 2014. Mr. Rotruck then realized he had not signed and returned the agreement to his attorney's office.

The Office of Judges denied Mr. Rotruck's motion for late filing of protest to the claims administrator's May 21, 2014, decision and found that it no longer has jurisdiction because the protest was filed outside of the 120 days allowed under West Virginia Code § 23-5-6 (2003). The Board of Review affirmed the Order of the Office of Judges and found that the time period for requesting an extension as set forth in West Virginia Code § 23-5-6 had expired. On appeal, Mr. Rotruck disagrees and asserts that his protest was late because even though his attorney's office sent him an agreement to represent on June 30, 2014, he discovered the agreement to represent unsigned by him on October 21, 2014, and returned it to his attorney. West Virginia University maintains that Mr. Rotruck's protest was filed outside of the 120 days allowable under West Virginia Code § 23-5-6 and that he has provided no evidence to prove he did not receive the claims administrator's decision on or around the date of the decision of May 21, 2014.

West Virginia Code § 23-5-1(b) (2009) provides that any decision of the Insurance Commissioner, private carrier, or self-insured employer is final unless protested within sixty days of receipt of the decision. West Virginia Code § 23-5-6 states that the time period for filing may be extended if good cause is shown by a "period of time equal to the applicable period" which in this case would be 120 days. West Virginia Code § 23-5-6 states that when the Office of Judges is determining whether good cause or excusable neglect is shown for an extension it "shall consider whether the applicant was represented by counsel and whether timely and proper notice was actually received by the applicant or the applicant's representative."

The Office of Judges found that Mr. Rotruck's late protest could not be accepted because it no longer has jurisdiction to consider the claim since the protest was filed outside of the 120 days allowed under West Virginia Code § 23-5-6. Mr. Rotruck has made no assertion that he did not receive the claims administrator's decision on or around the time it was issued on May 21, 2014. The Board of Review agreed with the Office of Judges. This Court agrees with the Board of Review. Mr. Rotruck filed his protest after the 120 days allowed by West Virginia Code § 23-5-6 and has not argued that he did not have notice of the claims administrator's decision on or around the time it was released on May 21, 2014. Mr. Rotruck has failed to show good cause or excusable neglect for his late protest as required under West Virginia Code § 23-5-6.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 11, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II